*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* FOSGATE, Minors.

UNPUBLISHED
April 13, 2023

No. 362417
Wayne Circuit Court
Family Division
LC No. 2022-000352-NA

Before: CAVANAGH, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

Respondent-father appeals by right the trial court's order of adjudication under MCL 712A.2(b)(1) and (2), exercising the trial court's jurisdiction as to respondent-father regarding his two minor children. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Respondent-father is the biological father of two minor children, HF and RF. In March 2022, the Department of Health and Human Services (DHHS or petitioner) filed a temporary custody petition asserting that respondent and the mother of the minor children (AF)[1] had neglected to care for them, and that the home environment was an unfit place for the children. The petition alleged that respondent had pointed a gun at AF and threatened her in front of the children. The petition also alleged that both respondent and AF abused crack cocaine.

The trial court authorized the petition and ordered that the children be removed from their mother's care and placed with respondent in the family home; AF had moved out of the family home and had moved in with a cousin. In May 2022, a bench trial was held and the trial court found that grounds existed to exercise jurisdiction over HF and RF as to respondent under MCL 712A.2(b)(1) and (2). The trial court found that there was sufficient evidence that (1) there was a history of domestic violence incidents between respondent and AF and (2) respondent had

---

[1] AF was also a respondent in the proceedings below, but is not party to this appeal. We will use the singular "respondent" to refer to respondent-father.

a substance abuse issue. Therefore, the children came within the jurisdiction of the trial court as relates to respondent.

The trial court entered an order of adjudication finding jurisdiction over the children as to respondent under MCL 712A.2(b)(1) and (2). The trial court then entered a dispositional order on the same day, ordering respondent to participate in a case service plan. This appeal followed.

## II. HEARSAY

Respondent argues that statements made by AF to a Children's Protective Services (CPS) worker and a police officer regarding respondent's domestic violence and substance abuse were inadmissible hearsay and should not have been admitted against respondent. We agree, but find no error because the trial court stated on the record that it would only consider those statements in relation to AF, not in relation to respondent.

We review "for an abuse of discretion a trial court's decision regarding the admission of evidence." *In re Utrera*, 281 Mich App 1, 15; 761 NW2d 253 (2008). "An abuse of discretion occurs when the trial court chooses an outcome that falls outside the range of principled outcomes." *Id*. (quotation marks and citation omitted).

In cases concerning parental rights, "[i]f a trial is held regarding adjudication, the respondent is entitled to a determination of the facts by the jury or judge, the rules of evidence apply, and jurisdiction must be established by a preponderance of the evidence." *In re Mota*, 334 Mich App 300, 312-313; 964 NW2d 881 (2020). Respondent argues that the testimony of Taylor Police Department Officer Vincent Monaco and CPS worker Ellen Currie about AF's statements to them concerning alleged drug use and acts of domestic violence by respondent constituted inadmissible hearsay insofar as it relates to respondent. We agree.

Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Unless the rules of evidence provide otherwise, hearsay is inadmissible. See MRE 802.

In this case, Officer Monaco testified that AF told him about a November 2021 incident in which respondent allegedly pointed a firearm at AF and yelled at her. Officer Monaco testified that when he responded to AF's house after the alleged incident, respondent had already left, and that he did not speak to respondent about the incident. Currie testified that AF told her about a second domestic violence incident in December 2021, in which respondent allegedly bruised AF's body and face. AF did not testify in the trial court about either of these incidents. The statements concerning respondent's involvement in these alleged incidents constituted hearsay to the extent they were offered for the truth of the matter asserted, i.e., that respondent was involved in two domestic violence incidents with AF and that he threatened and physically hurt AF while the children were in the home. Additionally, Currie testified that AF told her that she and respondent were on a "drug binge" near the end of January 2022 and used crack cocaine while at home with HF and RF. These statements about respondent's alleged crack cocaine use also constituted hearsay to the extent that they were offered for the truth of the matter asserted, i.e., that respondent used a controlled substance while the children were with him in the home.

Further, as the trial court noted, there were no relevant exceptions to the hearsay rule that would have made the statements admissible against respondent. And to be admissible as nonhearsay under MRE 801(d)(2)(A), a statement offered against a party must have been made by that same party. See *id*. Here, Currie's and Officer Monaco's recitations of AF's statements were admissible only to the extent they were offered against AF. They were not admissible against *respondent* as a nonhearsay admission by a party-opponent.

However, while we agree with respondent that the statements were inadmissible against respondent, we find no error on the part of the trial court. As discussed, the statements were admissible against AF, and the trial court explicitly stated that it would consider those statements in connection with AF only, not respondent. It was therefore not error for the trial court to admit the challenged testimony with that limitation; further, there is no evidence in the record indicating that the trial court inappropriately considered the statements in adjudicating respondent's case. See *In re Archer*, 277 Mich App 71, 84; 744 NW2d 1 (2007) (noting that a trial court during a bench trial is presumed to know the law and consider only the evidence properly before it). And, as discussed in the following section, we conclude, disregarding the challenged statements concerning respondent, that petitioner presented sufficient evidence to establish grounds to exercise jurisdiction over HF and RF as to respondent.

## III. JURISDICTIONAL GROUNDS

Respondent argues that the trial court erred by exercising jurisdiction over HF and RF as to respondent because petitioner did not establish jurisdictional grounds under MCL 712A.2(b)(1) and (2) by a preponderance of the evidence. We disagree.

We review "the trial court's decision to exercise jurisdiction for clear error in light of the court's findings of fact." *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). "Jurisdiction must be established by a preponderance of the evidence." *Id*. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id*. at 296-297.

After conducting a preliminary investigation into a person suspected of child abuse or neglect, DHHS "may then petition the Family Division of the circuit court to take jurisdiction over the child." *In re Ferranti*, 504 Mich 1, 15; 934 NW2d 610 (2019). "After receiving the petition, the trial court must hold a preliminary hearing and may authorize the filing of the petition upon a finding of probable cause that one or more of the allegations are true and could support the trial court's exercise of jurisdiction under MCL 712A.2(b)." *Id*. Then, if the petition is authorized, the trial court must hold an adjudicative hearing to determine "whether the trial court can exercise jurisdiction over the child (and the respondents-parents) under MCL 712A.2(b) so that it can enter dispositional orders, including an order terminating parental rights." *Id*. Under MCL 712A.2(b), the trial court has jurisdiction over juveniles under 18 years of age:

> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or

her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship. . . .

\* \* \*

(2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in.

In this case, the trial court did not err when it exercised jurisdiction over HF and RF as to respondent. Disregarding the testimony by Currie and Officer Monaco regarding what had AF told them, the trial court did not clearly err by holding that a preponderance of the evidence supported a finding of sufficient grounds to exercise jurisdiction over HF and RF as relates to respondent. Evidence presented established that respondent had a history of being involved in altercations and domestic violence incidents with AF while the children were present in the home. Officer Monaco testified that he responded to a domestic violence call at respondent's house in November 2021, and that he was familiar with respondent's house because he had personally been there "multiple times for similar situations and domestic violences [sic]."

Currie testified that she received a complaint of a domestic violence incident at respondent's house. When Currie asked respondent about the incident, respondent admitted to an argument with AF and told Currie that he left with HF because he did not want to escalate the situation. Additionally, respondent admitted to Currie "that he had a bit of an anger problem when it comes to [AF]" and had agreed to attend anger-management counseling. Respondent also told Currie that he and AF had gotten into several arguments in the presence of HF and RF. Further, respondent continued to coparent with AF after the alleged domestic violence incidents and allowed AF, who admitted to using crack cocaine and used it in her car outside of respondent's house after a visit, to stay at respondent's house with the children. When asked if the children were at risk of harm while at home with respondent, Currie testified that she was concerned about "[AF] continu[ing] to pop up at the house unannounced."

The record was sufficient to allow the trial court to conclude that respondent had a history of altercations with AF that necessitated police involvement, and yet that respondent continued to allow AF around the children even while she was using controlled substances. The trial court could properly conclude that there was a risk of harm to HF's and RF's well-being due to respondent's facilitation of AF's relationship with the children while abusing substances, respondent's admitted anger issues concerning AF, and respondent's history of being involved in domestic violence incidents. Likewise, the trial court could properly conclude that these factors made respondent's home an unfit environment for HF and RF. We are not left with a definite and

firm conviction that the trial court made a mistake in exercising jurisdiction over the children with respect to respondent under MCL 712A.2(b)(1) and (2).  *BZ*, 264 Mich App at 295.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Mark T. Boonstra
/s/ Michael J. Riordan